# EXHIBIT E

DocuSign Envelope ID: AF4F62A0-39F7-4A94-84DF-FAC7935CA657

# GUARANTY AND ASSUMPTION OF OBLIGATIONS

This GUARANTY AND ASSUMPTION OF OBLIGATIONS (this *"Guaranty"*) relates to that certain Franchise Agreement dated December 31, 2018 (the *"Agreement"*) by and between RE/MAX, LLC (*"we," "us"* or *"RE/MAX, LLC"*) and JL United Realty, LLC ("Franchisee").

In consideration of, and as an inducement to, the execution of the Agreement by RE/MAX, LLC, each of the undersigned (each a *"Guarantor"*) hereby personally and unconditionally (a) guarantees to RE/MAX, LLC, and its successors and assigns, for the Term of the Agreement and thereafter as provided in the Agreement (including during any post-expiration hold-over period), the full and punctual payment and performance of each and every undertaking, agreement and covenant set forth in the Agreement and any successor agreement that Franchisee is bound by during any post-expiration holdover period (*"successor agreement"*); and (b) agrees to be personally bound by, and personally liable for the breach of, each and every provision in the Agreement and any successor agreement, both monetary obligations and obligations to take or refrain from taking specific actions or to engage or refrain from engaging in specific activities. Any married person who signs this Guaranty hereby expressly agrees that recourse under this Guaranty may be had against his or her separate property, marital property and community property.

Each Guarantor consents and agrees that: (1) his or her direct and immediate liability under this Guaranty shall be joint and several; (2) he or she shall render any payment or performance required under the Agreement and any successor agreement upon demand if Franchisee fails or refuses punctually to do so; (3) such liability shall not be contingent or conditioned upon pursuit by us of any remedies against Franchisee or any other person; (4) such liability shall not be diminished, relieved or otherwise affected by a subsequent assignment or transfer of the Franchise Agreement by Franchisee or by an extension of time, credit or other indulgence or forbearance which we may from time-to-time grant to Franchisee or to any other person, including without limitation the acceptance of any partial payment or performance, or the compromise or release of any claims, none of which shall in any way modify or amend this Guaranty, which shall be continuing and irrevocable; (5) he or she has established adequate means of obtaining from Franchisee on a continuing basis information regarding Franchisee's financial condition and agrees to keep adequately informed from such means of any facts, events or circumstances which might in any way affect Guarantor's risks under this Guaranty, and Guarantor further agrees that, absent a request for information, we shall have no obligation to disclose to Guarantor any information (including any indulgences or forbearances granted to Franchisee or any other person) or documents acquired by Franchisee in the course of RE/MAX, LLC's relationship with Franchisee; and (6) the terms of this Guaranty shall survive the termination or expiration of the Agreement and shall continue in full force and effect subsequent to and notwithstanding such termination or expiration until they are satisfied in full.

Each Guarantor waives all rights to payments and claims for reimbursement or subrogation which he or she may have against Franchisee arising as a result of the Guarantor's execution of and performance under this Guaranty and waives any right he or she may have to revoke this Guaranty until it is satisfied in full. Each Guarantor further waives any defense to liability arising from: (a) any act or omission by which RE/MAX, LLC directly or indirectly discharges Franchisee on any undertaking, agreement or covenants set forth in the Agreement or which increases the probability or amount of Guarantor's liability hereunder; (b) RE/MAX, LLC's failure to enforce or delay in enforcing its rights under the Agreement or any successor agreement; or (c) any modification or change of any terms of the Agreement or any successor agreement or any grant of indulgence or forbearances by RE/MAX, LLC.

Guarantor warrants and agrees that each of the waivers set forth above is made with Guarantor's full knowledge of its significance and consequences and that, under the circumstances, the waivers are reasonable and not contrary to public policy or law. If any such waiver is determined to be contrary to any applicable law or public policy, such waiver shall be effective only to the extent permitted by law or public policy.

**IN WITNESS WHEREOF**, each of the undersigned has hereunto affixed his or her signature to this Guaranty as of the date indicated below.

**GUARANTOR(S)**

*Cheng Ching Lin* (DocuSigned by: Josie Lin, 5899AE1B04CB432...)  12/22/2018
_____   _____
                                                                                             Date

# GUARANTY AND ASSUMPTION OF OBLIGATIONS

This GUARANTY AND ASSUMPTION OF OBLIGATIONS (this *"Guaranty"*) relates to that certain Franchise Agreement dated July 17, 2017 (the *"Agreement"*) by and between RE/MAX, LLC (*"we," "us"* or *"RE/MAX, LLC"*) and JL United Realty, LLC ("Franchisee").

In consideration of, and as an inducement to, the execution of the Agreement by RE/MAX, LLC, each of the undersigned (each a *"Guarantor"*) hereby personally and unconditionally (a) guarantees to RE/MAX, LLC, and its successors and assigns, for the Term of the Agreement and thereafter as provided in the Agreement (including during any post-expiration hold-over period), the full and punctual payment and performance of each and every undertaking, agreement and covenant set forth in the Agreement and any successor agreement that Franchisee is bound by during any post-expiration holdover period (*"successor agreement"*); and (b) agrees to be personally bound by, and personally liable for the breach of, each and every provision in the Agreement and any successor agreement, both monetary obligations and obligations to take or refrain from taking specific actions or to engage or refrain from engaging in specific activities. Any married person who signs this Guaranty hereby expressly agrees that recourse under this Guaranty may be had against his or her separate property, marital property and community property.

Each Guarantor consents and agrees that: (1) his or her direct and immediate liability under this Guaranty shall be joint and several; (2) he or she shall render any payment or performance required under the Agreement and any successor agreement upon demand if Franchisee fails or refuses punctually to do so; (3) such liability shall not be contingent or conditioned upon pursuit by us of any remedies against Franchisee or any other person; (4) such liability shall not be diminished, relieved or otherwise affected by a subsequent assignment or transfer of the Franchise Agreement by Franchisee or by an extension of time, credit or other indulgence or forbearance which we may from time-to-time grant to Franchisee or to any other person, including without limitation the acceptance of any partial payment or performance, or the compromise or release of any claims, none of which shall in any way modify or amend this Guaranty, which shall be continuing and irrevocable; (5) he or she has established adequate means of obtaining from Franchisee on a continuing basis information regarding Franchisee's financial condition and agrees to keep adequately informed from such means of any facts, events or circumstances which might in any way affect Guarantor's risks under this Guaranty, and Guarantor further agrees that, absent a request for information, we shall have no obligation to disclose to Guarantor any information (including any indulgences or forbearances granted to Franchisee or any other person) or documents acquired by Franchisee in the course of RE/MAX, LLC's relationship with Franchisee; and (6) the terms of this Guaranty shall survive the termination or expiration of the Agreement and shall continue in full force and effect subsequent to and notwithstanding such termination or expiration until they are satisfied in full.

Each Guarantor waives all rights to payments and claims for reimbursement or subrogation which he or she may have against Franchisee arising as a result of the Guarantor's execution of and performance under this Guaranty and waives any right he or she may have to revoke this Guaranty until it is satisfied in full. Each Guarantor further waives any defense to liability arising from: (a) any act or omission by which RE/MAX, LLC directly or indirectly discharges Franchisee on any undertaking, agreement or covenants set forth in the Agreement or which increases the probability or amount of Guarantor's liability hereunder; (b) RE/MAX, LLC's failure to enforce or delay in enforcing its rights under the Agreement or any successor agreement; or (c) any modification or change of any terms of the Agreement or any successor agreement or any grant of indulgence or forbearances by RE/MAX, LLC.

Guarantor warrants and agrees that each of the waivers set forth above is made with Guarantor's full knowledge of its significance and consequences and that, under the circumstances, the waivers are reasonable and not contrary to public policy or law. If any such waiver is determined to be contrary to any applicable law or public policy, such waiver shall be effective only to the extent permitted by law or public policy.

**IN WITNESS WHEREOF**, each of the undersigned has hereunto affixed his or her signature to this Guaranty as of the date indicated below.

**GUARANTOR(S)**

_____  7/14/2017
Cheng-Ching (Josie) Lin         Date