# EXHIBIT F

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES RA-AMARI, Individually, § <br> MISTY RA-AMARI, Individually, and § <br> ROSEMARY AFFUL, Individually § <br> § <br> *Plaintiffs*, § <br> § <br> v. § <br> § <br> RE/MAX LLC, a Delaware Limited § <br> Liability Company, EXP REALTY, LLC, a § <br> Washington Limited Liability Company, § <br> UMRE INVESTMENT HOLDINGS, LLC, § <br> is a Texas Limited Liability Company, § <br> UNITED PROPERTY MANAGEMENT, § <br> CHENG CHING "JOSIE" LIN, § <br> Individually and as an agent and/or § <br> employee of GRAND WEST § <br> CONDOMINIUMS, GRAND WEST § <br> RESIDENTIAL CONDOMINIUM § <br> ASSOCIATION, INC. § <br> § <br> *Defendants*. | | Civil Action No. 4:22-cv-03171 |

**PLAINTIFFS' FIRST AMENDED ORIGINAL COMPLAINT**

Plaintiffs, JAMES RA-AMARI ("James Ra-Amari" or "James"), MISTY RA-AMARI ("Misty Ra-Amari" or "Misty") and ROSEMARY AFFUL ("Rosemary Afful" or "Rosemary"), (collectively, the "Plaintiffs") bring this amended action for declaratory and injunctive relief and damages against Defendants for violations of federal civil rights law. In support of their claims, Plaintiffs respectfully aver:

### I.    NATURE OF ACTION

1. In August 2022, Plaintiffs James, Misty, and Rosemary, sought to purchase individual condominiums in the Grand West Condominiums. The Plaintiffs have a long track

**PLAINTIFFS' FIRST AMENDED ORIGINAL COMPLAINT**

record of real estate investment and regularly seek investment opportunities in emerging communities throughout Houston and surrounding areas in Texas. They were attracted to the Grand West Condominiums because they own property nearby in this area, generally Katy, Texas.

2. Upon expressing interest in purchasing three separate condominiums in Grand West, James, Misty, and Rosemary were introduced to Defendant Josie Lin. Immediately, Lin showed reluctance to interact with Plaintiffs. She began to ask strange and unsettling questions to James, Misty, and Rosemary. Lin then passed the Plaintiffs on to another employee on-site to continue the tour of the available Grand West units. After the completion of the tour of the available Grand West units, Plaintiffs inquired if the prices of the Grand West units were open to negotiation, to which Lin refused. Plaintiffs still expressed a desire to purchase the Grand West units. Lin ultimately stated that she refused to sell to Plaintiffs because she had a desire to institute an age requirement; however, such an age requirement was not already in place. When Plaintiffs asked if Lin would not sell due to Plaintiffs not being 55 years-old or older, Lin responded by saying that she would not sell because she "had a gut feeling that she would not get along with Plaintiffs'.

3. The Defendants actions in conjunction with the marketing materials telling buyers "Why Grand West Condos is a new option for Chinese and Asian communities" explicitly constitute unlawful housing discrimination in violation of the Fair Housing Act by printing and publishing statements with respect to the sale of Units within the Grand West Condos that indicate a preference or limitation based on race, color, religion, sex, national origin and familial status, or an intention to make any such preference, limitation, or discrimination in violation of the Fair Housing Act, 42 U.S.C. § 3604(c).

## II.     PARTIES

4. Plaintiff James Ra-Amari is a competent person of the full age of majority residing in Fort Bend County, Texas.

5. Plaintiff Misty Ra-Amari is a competent person of full age of majority residing in Fort Bend County, Texas.

6. Plaintiff Rosemary Afful is a competent person of the full age of majority residing in Fort Bend County, Texas.

7. Defendant, Grand West Residential Condominium Association, Inc. ("Grand West" or "the Association"), is a corporation organized and existing under the laws of the state of Texas with its principal place of business located at 9889 Bellaire Blvd. Ste. 118 Houston, Texas 77036-3467. Grand West's registered agent is Stephanie Hu, with her office located at 5855 Sovereign Dr. #B Houston, Texas 77036.

8. Defendant, Cheng-Ching "Josie" Lin ("Lin"), is a competent person of the full age of majority residing in the State of Texas and doing business in Fort Bend County, Texas.

9. Defendant, RE/MAX LLC ("RE/MAX"), is a Delaware foreign limited liability company headquartered at 5075 S. Syracuse Street, Denver, CO 80237. RE/MAX's registered agent in the State of Texas is CT Corporation System, with its office located at 1999 Bryan St., Ste. 900, Dallas, Texas 75201. RE/MAX conducts business throughout this District and the United States.

10. Defendant, UNITED PROPERTY MANAGEMENT ("United Property Management"), is a corporation organized and existing under the laws of the State of Texas with its principal place of business located at 9779 Bellaire Blvd., Ste 118, Houston, Texas 77036 in Harris County.

11. Defendant, UMRE INVESTMENT HOLDINGS, LLC ("UMRE"), is a limited liability corporation organized and existing under the laws of the State of Texas with its principal place of business located at 16907 Meadowleigh Ct. Sugar Land, Texas 77479 with it registered agent at the same address.

12. Defendant, EXP REALTY, LLC ("EXP"), is a limited liability corporation headquartered at 2219 Rimland Dr. Ste. 301 Bellingham, Washington 98226-8759. EXP's registered agent in the State of Texas is Corporation Service Company D/B/A CSC-Lawyers Incorporated, with its office located at 211 E. 7th Street Suite 620 Austin, Texas 78701. EXP conducts business throughout this District and the United States.

### III.   JURISDICTION AND VENUE

13. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 because this action involves a federal question, by 42 U.S.C. § 3613(a)(1) because this action invokes the Fair Housing Act, and by 28 U.S.C. § 1343(a) because this action involves civil rights violations.

14. Venue is appropriate in the Southern District of Texas pursuant to 28 U.S.C. § 1391 because Defendants reside in, and the substantial part of the events or omissions giving rise to the claim occurred in, and a substantial part of the property that is subject of the action is situated in the Southern District of Texas.

15. The amount of controversy exceeds $75,000 exclusive of interest and costs.

### IV.   FACTUAL ALLEGATIONS

16. Plaintiffs reallege and fully incorporate herein by reference herein the foregoing paragraphs. Furthermore, Plaintiffs attach and fully incorporate by reference the *Affidavits of Plaintiffs James Ra Amari, Misty Ra Amari,* and *Rosemary Afful* (the "Affidavits").

17. Grand West Condominiums consists of 50 units and is the only residential unit in the business district of Katy's University Center that provides individual property rights.

18. Defendant Josie Lin is the realtor for the units.

19. Defendant Josie Lin is a realtor for Re/Max LLC, EXP Realty LLC, United Property Management and she owns UMRE. She has printed marketing collateral that she has dispensed throughout Katy with RE/MAX's logo emblazoned on it.



**James Ra-amari saw this digital flyer before the date of the incident and decided to visit the "Open House" event for the Grand West Condos with Misty and Rosemary. On the flyer, Josie Lin explicitly states more than once that she is a RE/MAX Owner/Broker Associate.**

20. Grand West Condominium Residential Association is the name of the homeowner's association for the units.

21. The Ra-Amiri Plaintiffs are married. Plaintiff Afful is and Plaintiff James Ra-Amari are in-laws. The three are each real estate investors. They are black Americans.

22. Plaintiffs James and Misty are real estate investors looking to purchase two new income properties in the Grand West Condominiums.

23. Plaintiff Afful was looking for a new home for herself and her three-year old daughter.

24. On Saturday, August 20, 2022, around 12:30 p.m., Plaintiffs visited the Grand West Condominiums in Katy, Texas.

25. Upon arriving at Grand West, James, Misty, and Rosemary were met by Lin who asked if they were there for the open house that was happening that day. Plaintiffs responded in the affirmative, and Lin exhibited an apparent hesitancy that Plaintiffs immediately noticed.

26. Plaintiffs were asked by Lin to wait several minutes before they were permitted by Lin to tour Grand West.

27. During the tour, Lin began to make improper comments, and to ask intrusive and irrelevant questions, of the Plaintiffs, that alarmed the Plaintiffs. Her off-putting demeanor, in addition to the questions about the Plaintiffs' backgrounds made Plaintiffs feel unwelcomed.

28. Still, undeterred by Defendant Lin's demeanor, Plaintiffs asked to see a one-bedroom unit in the building. Instead of Lin proceeding with the tour, she abandoned Plaintiffs and had an unidentified gentleman show them the rest of the units. He refused to provide Plaintiffs his name after being asked.

29. After the conclusion of the tour, Plaintiffs were led back to the sales office where they were met again by Defendant Lin.

30. Plaintiffs proceeded to sit down with the intent to purchase on or more of the condos the Plaintiffs viewed.

31. Plaintiffs intended to purchase three condos. One of the condos was for Rosemary, who, at the time, was going through a divorce and was scheduled to close on the sale of her then-current house in September 2022. Plaintiffs also intended to purchase two additional condos for James and Misty.

32. When Plaintiffs asked Defendant Lin if the unit prices were open for negotiation, Defendant Lin responded, flatly, by stating "I do not negotiate."

33. Plaintiffs were undeterred by Defendant Lin refusing to negotiate and still sought to purchase the units. In response, Defendant Lin presumptuously stated, "Fannie Mae lending would not be approved due to the owner occupancy ratio of the condominiums", even though none of the Plaintiffs expressed a desire to finance the sale through Fannie Mae.

34. Plaintiffs then went on to inquire about when Homeowners Association ("HOA") meetings were held. Defendant Lin misrepresented that she was not a real estate agent and that she does not have HOA meetings because she was the majority owner of the complex and she makes the rules in the condominium. In response to this, Rosemary asked if Defendant Lin could provide Plaintiffs a copy of the by-laws after Lin mentioned a covenant about owner leasing rules. Defendant Lin did not have a copy of the by-laws to provide to Plaintiffs and did not provide a copy of the by-laws after the interaction.

35. After Defendant Lin stated she did not have a copy of the by-laws which would have had the language of the covenant regarding owner leasing rules, Lin went on explicitly state

that she refused to sell to Plaintiffs, because 'she is the owner and she determined who could live at Grand West'. She went on to state that 'all the current owners were personal friends and knew each other'.

36. Defendant Lin also went on to state that 'she desired to have owners in Grand West who were 55 and older'.

37. Plaintiffs then asked, "are you not going to sell to us because we are not 55 or older?" Defendant Lin replied, "No, I'm not going to sell to you because I have a gut feeling that I would not get along with you."

38. James then went on to explain to Lin that this was the second time visiting the property to show Lin that Plaintiffs were serious about purchasing the condos and that they were willing to go through with the sale using cash.

39. Lin maintained that she believed there would be 'a conflict' between herself and Plaintiffs and continued to refuse to sell the property to Plaintiffs.

40. Defendants' odd behavior was indeed peculiar but considering the marketing assets that Defendant Lin has disseminated throughout the Katy community, Plaintiffs affirmed their belief they were being discriminated against. These same assets also show that Lin was lying about not being an agent.[12]

41. In Grand West Condo's Information Packet ("Information Packet"), Defendants explicitly encourage occupancy by a particular racial demographic. The Information Packet boldly states that the "Grand West Condos is a new option for Chinese and Asian communities" and that the Grand West Condos are "a new option for a safe and simple Asian life."[3]

---

[1] Exhibit A. Defendant Lin is a licensed real estate agent, even though she represented that she was. Lin's Real Estate Associate License number, which is reflected on her marketing info is #0536201.
[2] Exhibit B. Defendant Lin's Certificate of License History issued by the Texas Real Estate Commission.
[3] Exhibit B. Grand West Condo's Information Packet.

**PLAINTIFFS' FIRST AMENDED ORIGINAL COMPLAINT**

42. The arbitrary standards dubiously adopted and enforced by Defendants are unreasonable and does not have a substantial, legitimate nondiscriminatory objective.

43. Defendants' actions were and are intentional, willful, reckless and in complete disregard of Plaintiffs' federal rights. As participants in the real estate business, Defendants are aware of the federal law as it pertains to housing discrimination.

## V.   CAUSES OF ACTION

### Count I
### Fair Housing Act
### (42 U.S.C. § 3601, *et seq.*, and 24 CFR 100.1, *et seq*)

44. Plaintiffs re-allege and fully incorporate by reference herein all preceding paragraphs.

45. Each Plaintiff is an "aggrieved person" as defined by 42 U.S.C. § 3601(i), (k).

46. 23119 Colonial Parkway A1, Katy, TX 77449 is a dwelling covered by the Fair Housing, Act 42 U.S.C. 3602(b), and subject to no exception under 42 U.S.C. 3603(b).

47. By the actions set forth above, Defendants have discriminated against Plaintiffs by printing and publishing statements with respect to the sale of Units within the Grand West Condos that indicate a preference or limitation based on race, color, religion, sex, national origin and familial status, or an intention to make any such preference, limitation, or discrimination in violation of the Fair Housing Act, 42 U.S.C. § 3604(c).

48. By the actions set forth above, Defendants have discriminated against Plaintiffs by refusing to sell Units to Plaintiffs, or by otherwise refusing to make available for sale Units when such dwellings were in fact so available, because of their race, color, religion, familial status or national origin, or by an intention to make any such preference, limitation, or discrimination in violation of the Fair Housing Act, 42 U.S.C. § 3604(a).

49.     By the actions set forth above, Defendants have discriminated against Plaintiffs by refusing to negotiate the unit prices with them due to their race, color, religion, sex, familial status, or national origin, or by an intention to make any such preference, limitation, or discrimination in violation of the Fair Housing Act, 42 U.S.C. § 3604(a).

50.     By the actions set forth above, Defendants have discriminated against Plaintiffs by adopting age requirements that were not already in place that have the intent and effect of making unavailable or denying housing in violation of the Fair Housing Act, 42 U.S.C. § 3604(b) and implementing regulations, 24 C.F.R. § 100.500.

51.     By the above actions, Defendants have unlawfully coerced, intimidated, threatened, or interfered with Plaintiffs in the exercise of, or an account of, their having exercised or enjoyed, their rights granted or protected by the Fair Housing Act, 42 U.S.C. § 3604 on the basis of race, color, religion, sex, familial status, or national origin, or an intention to make any such preference, limitation, or discrimination in violation of the Fair Housing Act, 42 U.S.C. §3617, and implementing regulations 24 C.F.R. § 100.400.

52.     In addition, Re/Max, EXP, UMRE, Grand West Condos, the Association, and United Property Management are liable for their employees' and/or agents' actions under the doctrine of *respondeat superior.*

53.     Plaintiffs are black and members of a protected class. Re/Max, EXP, UMRE, Grand West Condos, the Association and United Property Management denied Plaintiffs the opportunity to buy condos in Grand West Condos solely because of their race. The Plaintiffs being black was the motivating factor as to why Re/Max, EXP, UMRE, Grand West Condos, the Association, and United Property Management discriminated against them. Due to the actions and inactions of Re/Max, EXP, UMRE, Grand West Condos, the Association and United Property Management as

set forth above, Re/Max and United Property Management have violated the Fair Housing Act 42 U.S.C. § 3601, *et seq.*, and 24 CFR 100.1, *et seq*.

54. As a result of the conduct or actions of Defendants, Plaintiffs suffered damages, economic loss, inconvenience, and emotional distress.

55. As a result of the conduct or actions of Defendants, Plaintiffs will suffer additional damages including economic loss, inconvenience, emotional distress, and lost housing opportunity.

56. Pursuant to 42 U.S.C. § 3613(c), Plaintiffs are entitled to their reasonable attorney's fees and costs and actual and punitive damages.

## Count II
## Intentional Infliction of Emotional Distress

57. Plaintiffs reallege and fully incorporate by reference the foregoing paragraphs.

58. Defendants engaged in extreme and outrageous conduct by denying Plaintiffs from engaging in the purchase of the condominiums in Grand West Condos due to their race. Defendants continued their extreme and outrageous conduct by intimating to them they were justified in their discrimination.

59. Defendants' actions intentionally caused Plaintiffs severe emotion distress.

60. Defendants' actions were malicious and done solely due to Plaintiffs being black.

### VI. DAMAGES

61. Plaintiffs reallege and fully incorporate by reference the foregoing paragraphs.

62. Defendants are jointly and severally liable for the wrongs complained of herein, either by virtue of direct participation or by virtue of encouraging, aiding, abetting, committing, and/or ratifying and condoning the commission of the above-described acts and/or omissions.

63. Plaintiffs suffered compensatory, special, and punitive damages for the following:

    a. Extreme mental anguish and emotional distress because of being racially discriminated against by Defendants.

    b. Economic damages of approximately $2,000,000;

    c. Violation of Plaintiffs' rights under the Fair Housing Act;

    d. Punitive damages for egregious acts and omissions of Defendants;

    e. Plaintiff is entitled to reasonable and necessary attorney's fees for litigation of this matter; and

    f. Plaintiff requests and is entitled to a trial by jury.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request this Court enter an Order and Judgment against Defendants that:

A. Declares that Defendants Re/Max, EXP, UMRE, United Property Management, the Association, Grand West Condos, and Josie Lin, and their discriminatory practices, as set forth above, violate the Fair Housing Act, 42 U.S.C. § 3601, *et seq.*, pursuant to 28 U.S.C. § 2201;

B. Enjoins Defendants Re/Max, EXP, UMRE, United Property Management, the Association, Grand West Condos, and Josie Lin, their agents, employees, successors, and all other persons in active concert or participation with them from discriminating on the basis of race, age, and familial status, in violation of the Fair Housing Act;

C. Enjoins Defendants Re/Max, EXP, UMRE, United Property Management, the Association, Grand West Condos, and Josie Lin, their agents, employees, successors, and all other persons in active concert or participation with them, from taking any act to arbitrarily enforce its age requirement, which has an unlawful discriminatory impact.

D. Enjoins Defendants Re/Max, EXP, UMRE, United Property Management, the Association, Grand West Condos, and Josie Lin, their agents, employees, successors, and all other persons in active concert or participation with them, from taking any act that explicitly encourages a specific racial demographic to purchase units in the Grand West Condos in violation of the Fair Housing Act;

E. Awards compensatory damages to Plaintiffs;

F. Awards punitive damages to Plaintiffs;

G. Awards Plaintiffs reasonable attorneys' fees, costs and expenses incurred in prosecuting this action; and

H. Grants such other further relief as the interests of justice may require, and to which Plaintiffs are entitled at law or equity..

## JURY DEMAND

Plaintiffs hereby request a trial on the merits by jury, pursuant to Fed. R. Civ. P. 38.

Respectfully Submitted,

**STAFFORD MOORE, PLLC**

/s/ *Justin A. Moore*
**Justin A. Moore**
State Bar No. 24088906
justin@staffordmoore.law
www.staffordmoore.law
**Paul K. Stafford**
State Bar No. 00791716
STAFFORD MOORE, PLLC
325 N. St. Paul Street, Suite 2210
Dallas, Texas 75201
Telephone (Main):     (214) 764-1529
Telephone (Direct):   (214) 764-1531
Facsimile:            (214) 580-8104
*Attorneys For Plaintiffs*