EXHIBIT G



1401 Lawrence Street, Suite 2300, Denver, CO 80202 • (303) 572-9300

September 23, 2022

John R. Posthumus
(720) 931-1191
jposthumus@polsinelli.com

*Via email:* **mroebuck@roebuckiplaw.com**
G. Michael Roebuck
G. Michael Roebuck, PC
6750 W. Loop South, Suite 920
Bellaire, TX 77401

   **Re:**  **Josie Lin, UMRE Realty Group**

Dear Mr. Roebuck:

   We represent RE/MAX, LLC ("RE/MAX") in connection with its intellectual property litigation matters. On September 16, 2022, Plaintiffs James Ra-Amari, Misty Ra-Amari, and Rosemary Afful filed a Complaint in the United States District Court for the Southern District of Texas against, among others, Ms. Lin and RE/MAX, asserting claims under the Fair Housing Act and intentional infliction of emotional distress (the "Ra-Amari Lawsuit" or the "Action").

   As you know, you provided RE/MAX written assurances in multiple communications from April – July 2022 that Ms. Lin had ceased all use of the RE/MAX marks and "MAX," and had otherwise satisfied her obligations to de-identify under the Franchise Agreements. As you can imagine, RE/MAX was shocked to learn that not only had Ms. Lin failed to cease all use of the RE/MAX marks, but as a direct result of the unauthorized use the RE/MAX marks, RE/MAX has been named a party in the Action. Additionally, the Action has generated significant attention, including press coverage that references RE/MAX in connection with the Action, and as a result, has caused reputational harm to the RE/MAX brand.

   Consequently, we have been retained by RE/MAX and make the following demands that require Ms. Lin's immediate attention.

**1.**  <u>**DEMAND FOR INDEMNITY & COST OF DEFENSE - The Ra-Amari Lawsuit**</u>

   In Section 5(D) of your Franchise Agreements dated July 17, 2017 and December 31, 2018 between RE/MAX and JL United Realty, LLC d/b/a RE/MAX United and RE/MAX United II (collectively "United Realty"), United Realty agreed to be solely liable for any Claims (as defined therein), and to indemnify, defend and hold harmless RE/MAX. United Realty further agreed to reimburse RE/MAX for any costs, expenses, damages, loss or liability for which RE/MAX might be held liable or which it reasonably might incur in connection with any Claims. RE/MAX retained the right to defend any Claims and, in connection therewith, to retain legal counsel of their choice.

Atlanta Boston Chicago Dallas Denver Houston Kansas City Los Angeles Miami Nashville New York
Phoenix St. Louis San Francisco Seattle Silicon Valley Washington, D.C. Wilmington
Polsinelli PC, Polsinelli LLP in California



*As such, RE/MAX hereby provides notice that it has retained Polsinelli PC (John Posthumus) to represent RE/MAX in the Action.*

Furthermore, in connection with the execution of each of the Franchise Agreements, Ms. Lin signed a Guaranty and Assumption of Obligations wherein, among other things, Ms. Lin personally guarantee United Realty's obligations under the Franchise Agreements. ***In view of the forgoing, RE/MAX hereby provides notice of the Claims against RE/MAX asserted by Plaintiffs James Ra-Amari, Misty Ra-Amari, and Rosemary Afful in the matter captioned JAMES RA-AMARI, MISTY RA-AMARI, and ROSEMARY AFFUL, v. RE/MAX, LLC, EXP REALTY, LLC, UMRE INVESTMENT HOLDINGS, LLC, UNITED PROPERTY MANAGEMENT, CHENG CHENG "JOSIE" LIN, GRAND WEST CONDOMINIUMS, GRAND WEST RESIDENTIAL CONDOMINIUM ASSOCIATION, INC., Case No. 4:22-cv-03171, pending in the United States District Court for the Southern District of Texas, Houston Division, filed on September 16, 2022 (the "Ra-Amari Lawsuit" or the "Action").***

**RE/MAX hereby demands that United Realty and Ms. Lin provide immediate indemnity to RE/MAX for the Action. This demand includes, but is not limited to, covering the cost of defense of the Action on behalf of RE/MAX and indemnity of RE/MAX against any Claims and monetary loss.**

**2.      Demand to Immediately Cease Unauthorized Use of the RE/MAX Marks**

As you know, your client's Franchise Agreements were terminated in December 2021. Following termination, Ms. Lin had no authorization or consent to continue to use the RE/MAX marks. In addition, your client's Franchise Agreements required her to fully de-identify from the RE/MAX System upon termination and not to adopt or use a confusingly similar sign design. Excerpts from the Franchise Agreement are again provided below for your reference:

_____

**B.      DE-IDENTIFICATION.**

You and your Owners agree that after the termination or expiration of the Franchise you and your Owners will, at your sole expense:

(1)      immediately and clearly distinguish your operations from RE/MAX and the System, so as to avoid any possibility of confusion to the public, and not directly or indirectly at any time identify any business with which you are associated as being a current or former RE/MAX office or franchisee or otherwise use the System or hold yourself out



to the public in any way as being or as having been affiliated with us or other RE/MAX Affiliates;

(2)     immediately remove, erase or obliterate the RE/MAX Marks from your letterhead, stationery, printed matter, advertising, websites and web pages (including without limitation, in visual content, hyperlinks, source code, meta tags, and third-party directory listings), software applications, social media services and other materials as well as all words and designations indicating that you are or were associated or affiliated with us or other RE/MAX Affiliates;

…

(7)     refrain from adopting or using in any manner, or for any purpose, the RE/MAX Marks, including without limitation: i) the RE/MAX red-over-white-over-blue trade dress or any other trade dress that on review is deemed by us to be confusingly similar to the RE/MAX trade dress; or ii) the terms "RE/MAX," "REMAX" or "MAX" or any other term that begins with the prefix "RE" or ends in the suffix "MAX" or any other term that on review is deemed by us to create a possibility of confusion or question regarding your or your Owners' affiliation with or sponsorship or endorsement by the RE/MAX organization. You further agree to refrain from the use of any "for sale" sign, trade dress or identity scheme comprised of lateral elements in red and blue separated by a white element, from the use of a design comprised of a three horizontal bar design, and from the use of a hot air balloon or a hot air balloon symbol;

(8)     refrain from referring to designations, certifications, awards or recognition that we or any of our related or affiliated companies may have granted to you or your Owners at any time during your affiliation with the RE/MAX Network in any form of advertising or promotion;

…

(11)    refrain from directly or indirectly disputing the validity of the RE/MAX Marks or RE/MAX, LLC's ownership thereof, or challenging any application or registration owned by RE/MAX, LLC for a RE/MAX Mark.

_____

Your client has been reminded numerous times of her obligation to cease using the RE/MAX marks upon termination of her Franchise Agreements, and unfortunately, Ms. Lin's



representations that she is in compliance have been untrue.  As such, RE/MAX hereby demands the following from that your client, **no later than September 30, 2022:**

1. **Change company name:** immediately cease all use of "MAX" in any marketing or display of your client's company name – UMRE Group. This includes, but is not limited to, the below uses:

   https://www.united888.com/resources/about-josie-lin - update company name

   https://www.united888.com/resources/about-umre-group - update company name and remove all reference to RE/MAX

2. **Cease all use of RE/MAX, LLC's copyrighted works:** Ms. Lin has infringed upon RE/MAX's copyrighted works on her web site.  To resolve this concern, we ask that your client immediately remove and cease all use of any text, image, and content that is in violation.  Below is an example of her use. She has copied text from a RE/MAX News article and copied the RE/MAX News page image for the article, and both of these uses are considered copyright violations:

   https://josielin.com/re-max-news-taiwanese-immigrant-helps-others-navigate-a-new-culture/

3. Confirm that your client, or any sales associate or employee affiliated with your client's business, have permanently ceased all use and display of the RE/MAX marks on any website or marketing materials including, but not limited to:

   https://josielin.com/ - remove all reference to RE/MAX from web site, including all articles, etc.

   https://josielin.com/about/ - remove all references to RE/MAX, including awards, etc.

   https://www.linkedin.com/in/josie-lin-65268359/details/honors/ - remove all references to RE/MAX awards

   https://www.facebook.com/JLinTeam - remove all RE/MAX images from page

   https://www.facebook.com/umregroup/photos - remove all RE/MAX images from page

   The following from the Complaint:



September 23, 2022
Page 5



4. **Signage: Cease all use of any confusingly similar signage.** The below gray-over-white-over-red sign design is **not** acceptable to RE/MAX as it is not sufficiently distinguishable from the sign design used by RE/MAX Affiliates. The only slight modification that your client made to her previous sign design was to change the top and bottom bar colors and sizes. These slight changes do nothing to distinguish the similarity between the overall commercial impression given by your client's sign designs and the impression given by the distinctive RE/MAX red-over-white-over-blue horizontal bar trademark. Thus, consumers are likely to believe that your client is affiliated with, connected with, or sponsored by RE/MAX and/or the RE/MAX Network despite her minor modifications, all of which is made all the more likely given your client's previous affiliation with the RE/MAX network and the other uses outlined above.





   Please contact me **no later than September 30, 2022** to confirm your client's compliance with the above-referenced demands. We would prefer to settle this matter without the need for legal proceedings concerning your client and her unauthorized use of the RE/MAX marks and RE/MAX-owned copyrighted works. However, if we fail to receive your confirmation by such date, RE/MAX will not hesitate to file claims against Ms. Lin, without further notice to you or your client for the full amount of damages and profits to which it is entitled under the federal trademark act, the Franchise Agreements, and other applicable law, as well as reimbursement of its attorney fees and costs incurred because of your client's breach of the Franchise Agreements, federal and state trademark infringement, federal and state unfair competition and copyright infringement.

   Please note that RE/MAX reserves all rights and remedies not expressly set forth in this letter.

   Sincerely,

John R. Posthumus

JRP:lg